# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br>**LINO CABRALES-SOTO**<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 2:25-MJ-102 |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 2 2025
CLERK, U.S. DISTRICT COURT
By_____
Deputy

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 2, 2025__ in the county of __Hutchinson__ in the
__Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1326(a) | Illegal Re-entry After Deportation |

This criminal complaint is based on these facts:
See attached affidavit

✔ Continued on the attached sheet.

_____
Complainant's signature

Eric Johnson, HSI SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this __2nd__ day of __July__, 2025.

Date: __7/2/25__

City and state: __Amarillo, TX__

_____
Judge's signature

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT
## Case No. 2:25-MJ-102

### Title 8, United States Code, Section 1326(a)

As a result of my training and experience, I am familiar with federal immigration laws, including 8 U.S.C. § 1326(a), which makes it unlawful to illegally re-enter the United States after deportation or removal. There are four elements to this offense: (1) That the defendant was an alien at the time alleged in the indictment; (2) That the defendant had previously been deported, denied admission, excluded, or removed from the United States; (3) That thereafter the defendant knowingly entered, attempted to enter, or was found in the United States; and (4) That the defendant had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation. An "alien" is any person who is not a citizen or national of the United States. 8 U.S.C. 1101(a)(3).

### Facts Establishing Probable Cause

On July 2, 2025, Homeland Security Investigations (HSI) Special Agent (SA) Eric Johnson encountered Lino CABRALES-Soto, in Borger, TX, which is in the Amarillo Division of the Northern District of Texas. Immigration records were queried and discovered that CABRALES-Soto is, and was on July 2, 2025, a citizen and national of Mexico virtue of his birth in Mexico. Those records also showed that CABRALES-Soto had been removed from the United States previously, on or about May 08, 2015, at or near, the Port of Departure in Laredo, TX. CABRALES-Soto's immigration records

1

showed that he had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of that previous removal.

_____
Eric D. Johnson
Homeland Security Investigations
Special Agent

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 2nd day of July, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

2